

Troutman Pepper Locke LLP
600 Travis St., Suite 2800
Houston, TX 77002
troutman.com

**David M. Gregory**
D 713.226.1344
F 713.229.2630
david.gregory@troutman.com

July 29, 2025

*Via ECF and Email*
Eugene Meyers, Esq.
Meister Seelig & Fein PLLC
125 Park Ave 7th floor
New York, New York 10017

      Re:    *Waste Connections of New York, Inc. v. Century Waste Services, L.L.C., et al.*
             Civil Action No. 1:25-cv-03040-VM

Counsel:

      I write in response to the Defendants' pre-motion letter dated July 23, 2025 ("Letter"). Plaintiff Waste Connections of New York, Inc.'s ("Waste Connections") First Amended Complaint ("Complaint") appropriately pleads each of the claims alleged. There is no basis for Defendants to file a motion to dismiss the Complaint. Any such motion would be solely for purposes of delaying answering the Complaint, participating in discovery, and a resolution on the merits.

    **A. The Complaint states a claim for breach of the APA.**

      Waste Connections sufficiently pleads multiple breaches of the Asset Purchase Agreement (the "APA"). Such breaches include Defendants' violations of the restrictive covenants by pursuing the NYCHA Contracts and Defendants' failure to transfer the BOP Contract.[1]

      **1. The Complaint alleges a breach of the APA related to the NYCHA Contracts.**

      Waste Connections alleges that the APA contains noncompetition restrictions on the Defendants with respect to the "Business," defined in relevant part as "solid waste and recycling collection, hauling, processing, transfer and disposal business in the New York City Borough [] of Manhattan..." Dkt. 24 at ¶55; Dkt 24-1 at p. 7. The Complaint recites the relevant contractual provisions and alleges that through the NYCHA Contracts "the Defendants are contractually engaged to participate in the Business (as defined by the APA) in the New York City Borough of Manhattan, which is a direct violation of Section 10.1 of the APA." Dkt. 24 at ¶¶84-85, 114-115. These allegations state a claim for breach of the APA. *See e.g., Installed Bldg. Products, LLC v. Cottrell*, No. 13-CV-1112-ASC, 2014 WL 3729369, at *8 (W.D.N.Y. July 25, 2014) (single factual allegation that employee began employment with a competitor in violation of noncompete was sufficient to state a claim for breach of noncompete). Defendants baldly contend that the NYCHA

---

[1]     Waste Connections' Complaint also alleges that Defendants breached other Representations and Warranties and Covenants in the APA. *See* Dkt. 24 at ¶115.



Contracts "clearly fall[] under the bulk containerized roll-off business that was carved-out from the APA's restrictive covenant." Letter at p. 1. In addition to being erroneous and misstating the language of the APA, this contention is also contrary to Rule 12(b)(6). The Court must accept as true the factual allegations in the Complaint, "drawing all reasonable inferences in favor of the plaintiff," not accept Defendants' conclusory statements. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). There is zero basis for the Court to make the fact-intensive determination the Defendants seek, nor would that be appropriate at this stage.

Waste Connections further alleges it has suffered damages as a proximate result of Defendants' breaches of the APA with respect to the NYCHA Contracts, including, at minimum, the value of the NYCHA Contracts lost by Waste Connections due to Defendants' breaches, a disgorgement of any profits obtained by Defendants, and the value of the harm caused to the goodwill purchased by Waste Connections through the APA (for which Waste Connections paid a substantial sum of money). Dkt. 24 at ¶117. Contrary to Defendants' footnote number 2 in the Letter, Waste Connections pleads why these damages were caused by Defendants and why Waste Connections, the incumbent and only qualified bidder, would have won the NYCHA Contracts but for Defendants' conduct. *See* Dkt. 24 at ¶¶60-61, 88-89. Waste Connections sufficiently alleged a breach of the APA related to the NYCHA Contracts.

**2. The Complaint alleges a breach of the APA related to the BOP Contract.**

Waste Connections also alleges that Defendants breached the APA by failing to obtain consent to the transfer of the BOP Contract; failing to disclose the need for a novation to transfer the BOP Contract; after Closing, failing to deliver or cause to be delivered the novation and other documentation required to transfer the BOP Contract; and failing to transfer the BOP Contract. Dkt. 24 at ¶115. Defendants' sole response to these allegations appears to be that Waste Connections allegedly "waived its claims against Defendants for the alleged failure to provide the consent at closing." Letter at p. 2. This argument is improper and irrelevant at this stage. First, waiver is an affirmative defense that Defendants must plead and prove, and that is generally not decided on a motion to dismiss where factual issues cannot be resolved. *See Optima Media Group Ltd. v. Bloomberg L.P.*, 383 F. Supp. 3d 135, 150 (S.D.N.Y. 2019) ("Given the importance of intent to this determination, New York law contains a general rule ... that questions of waiver are not decided on a motion to dismiss.") (quotations omitted). S

Second and more importantly, even if considered at this stage, Defendants' waiver argument appears to be solely directed at the requirement that Defendants "provide the consent at closing." Letter at p. 2. Defendants offer no justification for not disclosing the need for a novation sooner, for their post-closing conduct, or for the most fundamental aspect of Waste Connections' claims with respect to the BOP Contract: <u>Waste Connections paid money for the transfer of the BOP Contract, which Defendants agreed to transfer but never did</u>. *See* Dkt. 24 at ¶¶ 90-93. Defendants have not and cannot offer any argument in response to this clear breach of the APA. Waste Connections sufficiently alleged a breach of the APA related to Defendant's failure to transfer the BOP Contract.



### B. The Complaint states claims for fraud, fraudulent inducement, and fraudulent concealment.

Defendants once again claim that Waste Connections' fraud claims are not actionable because Savino made "intentionally-false statements indicating an intent to perform under the contract." Letter at p. 3. As detailed previously in response to Defendants' first pre-motion letter, this is an erroneous recitation and application of New York law. A fraud claim can be premised on "a false statement of present fact, or by a false statement of future intent which concerns a matter collateral to a contract between the parties." *Alpha Capital Anstalt v. Oxysure Sys., Inc.*, 252 F. Supp. 3d 332, 339 (S.D.N.Y. 2017). A promise made with a preconceived and undisclosed intention of not performing it constitutes a misrepresentation of present fact, not of future intent, and is collateral to and the inducement for the contract. *Bloomfield Inv. Res. Corp. v. Daniloff*, 2024 WL 3517850, at *2 (2d Cir. July 24, 2024). Moreover, false contractual representations and warranties can support a fraud claim under New York law, even if they are also actionable as a breach of contract. *See A Star Group, Inc. v. Northland Energy Trading, LLC*, 2023 WL 8613525, at *2 (2d Cir. Dec. 13, 2023) ("Under New York law, the breach of a warranty—which is 'not a promise of performance, but a statement of present fact'—can be collateral to the contract precisely because it is not otherwise actionable under a claim for breach of a contractual promise.) (quoting *Wyle Inc. v. ITT Corp.*, 13 N.Y.S.3d 375, 378 (1st Dep't 2015)). This makes sense because "[i]t simply cannot be the case that any statement, no matter how false or fraudulent or pivotal, may be absolved of its tortious impact simply by incorporating it verbatim into the language of a contract." *Wyle*, 13 N.Y.S.3d at 378. The Complaint details with specificity the material misrepresentations and omissions made by Savino, both leading up to and as part of the closing of the APA. *See* Dkt. 24 at ¶¶64-80. These representations that were not merely "intentionally-false statement[s] indicating an intent to perform" (as absurd and offensive as this position is), but rather false statements of present fact or material omissions actionable as fraud. *Daniloff*, 2024 WL 3517850, at *2; *A Star Group*, 2023 WL 8613525, at *2.

Defendants wrongly claim that Waste Connections is "unable to allege justifiable reliance." Letter at p. 3. Waste Connections can and did allege justifiable reliance. The APA provided Waste Connections with broad termination rights. *See* Dkt. 24 at ¶52. Waste Connections alleges it closed the transaction in reliance on Savino's statements and would not have closed the transaction but for those statements. *See* Dkt. 24 at ¶¶79-80. The Court must accept these allegations as true for purposes of Rule 12(b)(6). Waste Connections has also alleged distinct damages related to its fraud claims, namely rescissory and expectation damages to redress the fraud perpetrated by Defendants, both of which are appropriate measures of harm. *Compare* Dkt. 24 at ¶117 *with* Dkt. 24 at ¶¶132, 139, 154; *Lam v. Am. Exp. Co.*, 265 F. Supp. 2d 225, 233 (S.D.N.Y. 2003) ('The true measure of damages is indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the out-of-pocket rule"). That there may be some overlap in damages does not doom Waste Connections' fraud claims – it may require an election of remedies at trial.



Respectfully submitted,

By: *David M. Gregory*
David M. Gregory

**CC:**

**Court (via ECF and Email)**

**Counsel for Plaintiff, Waste Connections of New York, Inc.:**

R. James DeRose, III, Esq.
Jack Robinson, Esq.
Jeffrey M. McPhaul, Esq.