UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WASTE CONNECTIONS OF NEW YORK, INC.,

a Delaware corporation,

                                    Plaintiff,

       vs.


CENTURY WASTE SERVICES, L.L.C.,
a New York limited liability company,

MARC SAVINO, and

MARC SAVINO ASSOCIATES, INC.,
a New Jersey corporation,

                                    Defendants.

---

Case No. 1:25-cv-03040

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT WITH COUNTERCLAIMS**

---

Defendants Century Waste Services, L.L.C. ("Century"), Marc Savino ("Savino"), and Marc Savino Associates, Inc. ("MSAI," and together with Century and Savino, the "Defendants"), for their Answer with Counterclaims in response to the First Amended Complaint dated July 9, 2025 (the "Complaint"), filed by Plaintiff Waste Connections of New York, Inc.  ("Waste Connections") as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint purports to describe certain provisions of the Asset Purchase Agreement ("APA"), a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

1

4.       Paragraph 4 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

5.       Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.       Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that Century Waste bid on two contracts with the New York City Housing Authority ("NYCHA").

7.       Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.       Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.       Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.      Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.      Defendants deny the allegations contained in paragraph 11 of the Complaint, except Defendants admit that the letter was never sent.

12.      Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.      Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.      Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.      Defendants deny the allegations contained in paragraph 15 of the Complaint, except Defendants admit that Waste Connections requested Century Waste to withdraw its bids on NYCHA contracts.

16.      Defendants deny the allegations contained in paragraph 16 of the Complaint, and respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

17.      Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 22 of the Complaint, and respectfully direct the Court to the Bureau of Prisons Determinations and Findings dated May 15, 2025 for a complete and accurate recitation of its determinations and findings.

### THE PARTIES

24.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Complaint.

### JURISDICTION AND VENUE

28.     The allegations contained in paragraph 28 of the Complaint contain conclusions of law to which no response is required.

29.     The allegations contained in paragraph 29 of the Complaint contain conclusions of law to which no response is required.

30.     The allegations contained in paragraph 30 of the Complaint contain conclusions of law to which no response is required.

**OPERATIVE FACTS**

31.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 31 of the Complaint.

**Waste Connections and Century**

32.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 32 of the Complaint.

33.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 35 of the Complaint.

**The New York Waste Business and Commercial Waste Zones**

36.     The allegations contained in paragraph 36 of the Complaint contain conclusions of law to which no response is required Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint contain conclusions of law to which no response is required Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.     The allegations contained in paragraph 38 of the Complaint contain conclusions of law to which no response is required Defendants admit the allegations contained in paragraph 38 of the Complaint.

39.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit the allegations contained in paragraph 40 of the Complaint.

## Century's Sale of Assets to Waste Connections

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint purports to describe the letter of intent and APA, legal documents that speak for themselves.  Defendants respectively direct the Court to the letter of intent and APA for a complete and accurate recitation of their respective terms.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint, except to admit that Savino is an agent of Century and MSAI.

44.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 44 of the Complaint, except to admit that Savino executed the APA.

45.     Paragraph 45 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

46.     Paragraph 46 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

47.     Paragraph 47 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

48.     Paragraph 48 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

49.     Paragraph 49 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

50.     Paragraph 50 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

51.     Paragraph 51 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

52.     Paragraph 52 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

**Defendants' Restrictive Covenants Under the APA**

53.     Paragraph 53 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

54.     Paragraph 54 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

55.    Paragraph 55 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

56.    Paragraph 56 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

### The NYCHA Contracts and the Defendants' Fraud

57.    Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 57 of the Complaint.

58.    Defendants admit to the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint, and respectfully direct the Court to the NYCHA bid solicitations for a complete and accurate recitation of their terms.

60.    Defendants deny the allegations contained in paragraph 59 of the Complaint, and respectfully direct the Court to the NYCHA bid solicitations for a complete and accurate recitation of their terms.

61.    Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 61 of the Complaint.

62.    In response to the allegations contained in paragraph 62 of the Complaint, Defendants admit that they submitted bids for the NYCHA Contracts and respectfully refers to the Court to the APA for a complete statement of its terms. Defendants deny the remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint, except to admit that Plaintiff requested that Century withdraw its bids for NYCHA contracts.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint, except to admit that Savino sent a draft letter to Plaintiff, and Defendants respectfully direct the Court to the draft letter for a complete and accurate recitation of its terms.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

**Defendants' Breaches of the Restrictive Covenant**

81.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants admit the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

**Century's Refusal to Transfer the BOP Contract**

90.     Paragraph 90 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

91.     Paragraph 91 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

92.     Paragraph 92 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.    Defendants lack knowledge sufficient to respond to the allegations contained in paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

96.    Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.    Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.    Defendants deny the allegations contained in paragraph 99 of the Complaint, and respectfully direct the Court to the Bureau of Prisons Determinations and Findings dated May 15, 2025 for a complete and accurate recitation of its determinations and findings.

**<u>Waste Connections' Harm and Right to Setoff</u>**

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms. To the extent a response is necessary, Defendants admit that portions of the purchase price were held back from Defendants.

107.    In response to the allegations contained in paragraph 107 of the Complaint, Defendants admit that they demanded payment of certain amounts that are subject to holdback under the APA and respectfully refers the Court to the APA for a complete statement of its contents. Defendants deny the remaining allegations contained in paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint purports to describe certain provisions of the APA, a legal document that speaks for itself. Defendants respectfully direct the Court to the APA for a complete and accurate recitation of its respective terms.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

### COUNT I
### BREACH OF CONTRACT

112.    Defendants incorporate their answers to each of the preceding paragraphs herein by reference.

113.    In response to the allegations contained in paragraph 113 of the Complaint, Defendants admit that the APA is a valid and binding contract, but Defendants deny the remaining allegations contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

## COUNT II
### FRAUDULENT INDUCEMENT

118.    Defendants incorporate their answers to each of the preceding paragraphs herein by reference.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

## COUNT III
### FRAUDULENT CONCEALMENT

133.    Defendants incorporate their answers to each of the preceding paragraphs herein by reference.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

**COUNT IV**
**FRAUD**

140.    Defendants incorporates their answers to each of the preceding paragraphs herein by reference.

141.    Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

## COUNT V
### DECLARATORY JUDGMENT

155.    Defendants incorporate their answers to each of the preceding paragraphs herein by reference.

156.    Defendants admit the allegation contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegation contained in paragraph 158 of the Complaint.

## COUNT VI
### PRELIMINARY AND PERMANENT INJUNCTION

159.    Defendants incorporate their answers to each of the preceding paragraphs herein by reference.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint and respectfully refer the Court to the APA for a complete statement of its terms.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in paragraph 164 of the Complaint.

### PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief and does not require a response. To the extent any response is required, Defendants deny that Plaintiff is entitled to any remedy or relief.

### AFFIRMATIVE DEFENSES

Defendants hereby assert the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Defendants reserve the right to assert additional defenses, as

warranted by facts learned through their investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Defendants and/or were caused, if at all, solely and proximately by the conduct of Plaintiff himself or other third-parties including, without limitation, the prior, intervening, or superseding conduct of Plaintiff or other third-parties.

### SECOND AFFIRMATIVE DEFENSE

Without admitting that Defendants engaged in the conduct alleged in the Complaint, Plaintiff is barred, in whole or in part, from recovering the relief sought because Plaintiff failed to take all reasonable, necessary, and appropriate action to mitigate any purported damages allegedly resulting from the matters set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the ratification of, and consent to, the alleged conduct of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has suffered no harm as a result of Defendants' conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining the Complaint, and each purported claim alleged therein, as a result of their unclean hands with respect to the events upon which the Complaint and purported claims for relief allegedly are based.

### TENTH AFFIRMATIVE DEFENSE

If and to the extent that Plaintiff has been damaged, which Defendants deny, the amount of damages that Plaintiff alleges to have suffered is too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

### RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery or investigation indicates that such defenses are appropriate.

WHEREFORE, Defendants respectfully request that this Court enter judgment in Defendants' favor and against Plaintiff, and to award Defendants their attorneys' fees, costs and disbursements, and such further relief as this Court deems just and proper.

<u>**COUNTERCLAIMS**</u>

Defendants hereby assert the following counterclaims against Plaintiff.

<u>**FACTUAL BACKGROUND**</u>

165.    Defendant Century Waste Services, L.L.C. ("Century") is a waste management company that performs a range of waste-related services in New York and New Jersey.

166.    On December 2, 2024, Plaintiff Waste Connections of New York, Inc. ("Waste Connections") and Century entered into an Asset Purchase Agreement dated as of December 2, 2024, by and between Waste Connections and Century Waste (the "APA"), whereby Waste Connections acquired certain assets of Century.

167.    On April 1, 2025, Century and Waste Connections executed the Closing Statement for the Purchase of Assets of Century Waste by Waste Connections, dated as of April 1, 2025 (the "Closing Statement"), whereby the parties agreed to withhold a portion of the purchase price payable at closing under the APA.

168.    The Closing Statement is a valid and binding contract.

169.    Century performed its obligations under the Closing Statement.

170.    Pursuant to the Closing Statement, Waste Connections and Century agreed to withhold $147,651 (the "SBA Loan Holdback") from the purchase price until such time that Century fully paid off its loan with the U.S. Small Business Administration (the "SBA Loan").

171.    The express terms of the Closing Statement required Waste Connections to pay Century the full amount of SBA Loan Holdback within three business days following the delivery of evidence that the SBA Loan was fully repaid.

172.    Pursuant to the Closing Statement, Waste Connections and Century agreed to withhold $500,000 (the "Tax Holdback") from the purchase price until such time that Century

Waste resolved a New York State tax audit with Case ID No. X191389506 (the "Tax Audit").

173.    The express terms of the Closing Statement required Waste Connections to pay Century the full amount of Tax Holdback within three business days following the delivery of evidence that the Tax Audit was resolved.

174.    Pursuant to the Closing Statement, Waste Connections and Century agreed to withhold $125,500 (the "AMEX Holdback") from the purchase price until such time that Century terminated its business line of credit with American Express (the "AMEX Line of Credit").

175.    The express terms of the Closing Statement required Waste Connections to pay Century the full amount of AMEX Holdback within three business days following the delivery of evidence that the AMEX Line of Credit was closed.

176.    On April 4, 2025, Century provided Waste Connections with evidence that the SBA Loan was fully paid off.

177.    Waste Connections has refused to release the SBA Loan Holdback to Century.

178.    On May 2, 2025, Century provided Waste Connections with evidence that the AMEX Line of Credit was closed.

179.    Waste Connections has refused to release the AMEX Holdback to Century.

180.    On May 9, 2025, Century provided Waste Connections with evidence that the Tax Audit was resolved.

181.    Waste Connections has refused to release the Tax Holdback to Century.

182.    Despite Century's full performance with its obligations under the APA and the Closing Statement, Waste Connections has refused to release the full purchase price to Century Waste.

183.    Thus, Waste Connections is unlawfully withholding $773,151 (the "Total

Holdback Amount") from Century in direct violation of the terms of the APA and the Closing Statement.

184.    In accordance with the terms of the Closing Statement and APA, Century is entitled to receive the Total Holdback Amount, plus interest, costs and Century's reasonable attorneys' fees.

### FIRST COUNTERCLAIM
(Breach of Contract)

185.    Century repeats and realleges and allegations of paragraphs 165 to 184 of the Counterclaims.

186.    Century fully performed its obligations under the APA and the Closing Statement.

187.    In accordance with the terms of the Closing Statement, Waste Connections was obligated to remit the Total Holdback Amount to Century.

188.    However, Waste Connections failed to do so. Instead, Waste Connections is unlawfully withholding Total Holdback Amount from Century, willfully breaching its obligation under the APA and the Closing Statement.

189.    Accordingly, Waste Connections has breached the APA and the Closing Statement.

190.    In accordance with the terms of the APA and Closing Statement, Waste Connections is liable to Century for the Total Holdback Amount, plus interest, costs and reasonable attorneys' fees, which continue to accrue.

### SECOND COUNTERCLAIM
(Declaratory Judgment)

191.    Century repeats and realleges the allegations of paragraphs 165 to 190 of the Counterclaims.

192.    Century has demanded that Waste Connections pay the Total Holdback Amount.

193.    Waste Connections has rejected Century's demand and refused to pay the Total Holdback Amount until the resolution of this litigation.

194.    There is a justiciable controversy as to whether Waste Connections is entitled to continue to holdback any of the Total Holdback Amount.

195.    Century is entitled to a declaration that Waste Connections is not entitled to holdback any of the Total Holdback Amount, and that Century is entitled to the Total Holdback Amount, plus interest, costs and reasonable attorneys' fees in accordance with the terms of the APA.

196.    Century has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Century demands judgment in its favor and against Waste Connections as follows:

      a.  as to the First Counterclaim, a judgment in favor of Century and against Waste Connections for the Total Holdback Amount, plus interest, costs and reasonable attorneys' fees;

      b.  as to the Second Counterclaim, declaration that Waste Connections is not entitled to holdback any of the Total Holdback Amount, and that Century is entitled to the Total Holdback Amount, plus interest, costs and reasonable attorneys' fees in accordance with the terms of the APA;

      c.  the costs and disbursements of this action; and

      d.  granting Century such other and further relief as may be just and proper.

Dated:  New York, New York
        November 24, 2025

**MEISTER SEELIG & FEIN PLLC**

By: /s/ Eugene Meyers
    Eugene Meyers
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
em@msf-law.com

*Attorneys for Defendants Century Waste Services, LLC, Marc Savino, and Marc Savino Associates, Inc.*