USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WASTE CONNECTIONS OF NEW YORK, INC. a Delaware corporation,

Plaintiff and Counter-Defendant,

-against-

CENTURY WASTE SERVICES, L.L.C., a New York limited liability company, MARC SAVINO, and MARC SAVINO ASSOCIATES, INC., a New Jersey corporation,

Defendants and Counter-Plaintiffs.

Case No. 1:25-cv-03040

**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND USE OF <u>CONFIDENTIAL INFORMATION</u>**

WHEREAS, plaintiff Waste Connections of New York, Inc. and defendants Century Waste Service, L.L.C., Marc Savino and Marc Savino Associates, Inc. (collectively, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged in connection with this action, including all pretrial proceedings, trial, and any appeal thereof (hereinafter "Discovery Material"):

1. Any Party or, as appropriate, non-party, may designate Discovery Material in connection with this action as "confidential" or "highly confidential," either by notation on each page of the document so designated, by statement on the record of a deposition, or by written notice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

2. As used herein:

(a) "Confidential Information" shall mean all information designated as "confidential," that the Producing Party (as defined below) reasonably and in good faith believes contains non-public, confidential, business, strategic, personal, proprietary, or commercially sensitive information, or information which, if disclosed, would violate an obligation of confidentiality pursuant to an agreement with a non-party or another court order.

(b) "Highly Confidential Information" shall mean all information designated as "highly confidential," that the Producing Party (as defined below) reasonably and in good faith believes contains trade secrets, proprietary business information, competitively sensitive information, or other information which, if disclosed, would result in competitive, commercial, personal, or financial harm to the Producing Party or its personnel, customers, or clients, and such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.

(c) "Producing Party" shall mean the parties to this action and any non-parties producing "Protected Information" (as defined below) in connection with depositions, document production, or otherwise, or the Party or non-party asserting the confidentiality designation, as the case may be.

(d) "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

(e) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Protected Information" in connection with depositions, document production, subpoenas, trial, witness preparation, or otherwise with respect to this litigation only.

3. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential Information and/or Highly Confidential Information. If the Producing Party does not agree to declassify or reclassify such Discovery Material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying or reclassifying such Discovery Material. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information and/or Highly Confidential Information according to its designation. If such motion is filed, the Discovery Material shall be deemed Confidential Information and/or Highly Confidential Information according to its designation unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Protected Information.

4. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) the Parties;

(b) personnel of the Parties actively engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(c) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof; and further provided, that any part of a report created by such experts or consultants relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation, and that such experts may not use Confidential Information for any purpose that does not relate to the action;

(e) the Court and court personnel;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) trial, hearing, or deposition witnesses, provided that if such witnesses are not Parties or personnel of Parties (covered by paragraphs 4(a) or (b) above), such information must be furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(h) any other person agreed to by the Producing Party.

5. No disclosure of Highly Confidential Information may be made to any person or entity other than:

(a) counsel for the Parties in the action and their associated attorneys, paralegals and other professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder. Disclosure to in-house counsel shall be

limited to those in-house counsel providing legal advice in connection with the action and Highly Confidential Information may not be disclosed to any other officers, directors, employees or agents of a Party, including other in-house counsel. For the avoidance of doubt, Highly Confidential Information disclosed to such persons may not be used for any business or other purpose unrelated to the prosecution or defense of the action;

(b) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof; and further provided, that any part of a report created by such experts or consultants relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential Information by the Party responsible for its creation, and that such experts may not use Highly Confidential Information for any purpose that does not relate to the action;

(c) the Court and court personnel;

(d) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(e) trial, hearing, or deposition witnesses, provided that if such witnesses are not Parties or personnel of Parties (covered by paragraphs 4(a) or (b) above), such information must be furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(f) any other person agreed to by the Producing Party.

6. Protected Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Protected Information is made pursuant to paragraphs 4(d) or 5(b) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information (or as otherwise marked on the record at the deposition) and subject to this Order during the deposition and for a period of thirty (30) days after the final transcript of said deposition is received by the witness and counsel for each of the Parties. At or before the end of such thirty (30)-day period, the deposition, or pages thereof, may be designated as Confidential Information or Highly Confidential Information by any Party to the action or, where applicable, by the non-party witness providing the deposition testimony. Notwithstanding the foregoing, all depositions at which one or more documents designated as Confidential Information or Highly Confidential Information are introduced as exhibits shall be presumptively treated as marked and subject to this Order during the deposition and until thirty (30) days after the final transcript of said deposition is received by the witness and counsel for each of the Parties to the action.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Protected Information during any hearing or trial before the Court, including through argument or

the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking all reasonable steps to minimize the disclosure of the Protected Information, including but not limited to, advising the Court that the disclosure contains Protected Information. The use of such material at hearings or at trial shall not cause such material to lose its status as Protected Information.

10. This Order shall not preclude counsel for any Party from using during any deposition in this action any Discovery Material which has been designated as "Protected Information" under the terms hereof. Any deposition witness who is given access to Protected Information shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being provided with a copy of the Order, a witness refuses to execute the agreement to be bound by this Order, the Producing Party may apply to the Court for an order directing the witness's compliance with the Order and such witness will not be provided a copy of any Protected Information with that witness's copy of the deposition for his or her review or as a final copy.

11. A Party may designate as Protected Information subject to this Order any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30)-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such

documents shall be treated as Highly Confidential Information. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the final transcript is received by the witness and counsel for the Parties. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such testimony shall be treated as Confidential Information (or as otherwise marked on the record at the deposition).

12. A Party or, as appropriate, non-party, who intends to file with the Court (i) any Discovery Material which has previously been designated as comprising or containing Protected Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Protected Information, shall do so in accordance with **Attachment A**.

13. Any person receiving Protected Information shall not reveal to or discuss such information with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Protected Information so as to prevent unauthorized disclosure.

14. Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature may be so designated by the Producing Party by written notice to counsel for the Receiving Party identifying the Discovery Material as “confidential” or “highly confidential” within a reasonable time following discovery that the document or information has been produced without such designation.

15. The production or disclosure of Protected Information shall in no way constitute a waiver of each Producing Party’s right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Order shall operate as an admission

by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Protected Information designation shall not preclude a subsequent challenge thereto.

16. A Producing Party's inadvertent disclosure of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, the work product doctrine or any other privilege or immunity from discovery, and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that it possesses material that appears to be privileged or protected. In the event of alleged inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return of the alleged Privileged Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall undertake best efforts to: (a) return, destroy, or otherwise sequester all copies or versions of the documents identified by the Producing Party, including the original; and (b) expunge, from any other documents, information, or material derived from the inadvertently produced Privileged Documents. In the event that there is a dispute

over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the Receiving Party shall nevertheless: (a) make no further use of the alleged Privileged Documents; and (b) immediately segregate all copies (whether electronic or hard copy) thereof in a manner that will prevent further disclosure or dissemination of their contents. Counsel shall undertake reasonable efforts to resolve the issue without Court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the Receiving Party may make an application to the Court for production of the alleged Privileged Documents. The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents had already been produced. This Order is entered pursuant to Federal Rule of Evidence 502(d) and shall be effective as such.

17. A Receiving Party receiving Discovery Material under this Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

18. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure by the Receiving Party or its counsel of record, (a) notify the Producing Party of the unauthorized disclosure(s) in writing, (b)

make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Order, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

19. The Parties agree that, up to and including the date upon which the Court enters a final judgment (not including any time for appeal) or the date upon which the action is resolved by final settlement, they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened violation of this Order by any Party, and agree that, under such circumstances, the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical and/or electronically-stored objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical and/or electronically-stored objects and documents, and that such physical and/or electronically stored objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything

to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. For the avoidance of doubt, experts, third-party vendors and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

22. If a Receiving Party is called upon to produce Protected Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Protected Information is sought shall (a) give written notice by overnight mail and either email or facsimile to counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Protected Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

**SO STIPULATED AND AGREED:**

Dated: July 15, 2026

By: */s/ R. James DeRose III*

R. James DeRose, III
TROUTMAN PEPPER LOCKE LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
(212) 415-8600
rj.derose@troutman.com

David M. Gregory (admitted pro hac vice)
Jeffrey M. McPhaul (admitted pro hac vice)
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Fax)
david.gregory@troutman.com
jeffrey.mcphaul@troutman.com

Dated: July 15, 2026

By: */s/ Eugene Meyers, Esq.*

Eugene Meyers, Esq.
Richard J. Jancasz, Esq.
MEISTER SEELIG & SCHUSTER PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
em@mss-pllc.com
rj@mss-pllc.com

**SO ORDERED**

New York, New York

This 17th day of July, 2026.

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE