**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/26

WASTE CONNECTIONS OF NEW YORK, INC.

Plaintiff,

- against -

CENTURY WASTE SERVICES, L.L.C., ET AL.

Defendants.

**25 Civ. 3040 (VM)**

**DECISION & ORDER**

**VICTOR MARRERO, United States District Judge.**

The Court received a letter filed by Plaintiff Waste Connections of New York, Inc. ("Waste Connections") requesting leave to amend the First Amended Complaint and file the proposed Second Amended Complaint. (See Dkt. No. 59 (the "Motion" or "Mot.").) The Court also received the opposition filed by Defendants Century Waste Services, LLC ("Century"), Marc Savino Associates, Inc. and Marc Savino (collectively, the "Defendants") (see Dkt. No. 60 (the "Opposition" or "Opp."))[1] and Waste Connections' Reply (see Dkt. No. 64 ("Reply")).

---

[1] Defendants consent to treat the Motion as fully briefed based on the pre-motion letters, provided the Court does not rule against them. (See Opp. at 1.) Defendants could have requested additional briefing but chose not to do so. The Court deems the Motion fully briefed on the basis of the existing record.

For the reasons discussed below, the Court **GRANTS** Waste Connections' Motion and **ORDERS** the parties to file an *agreed-upon* extension of the fact discovery deadlines in this case.

## I. BACKGROUND

Waste Connections is a waste management company that provides a range of waste-related services in New York City. (See Dkt. No. 24 ¶¶ 32-33 ("First Amended Complaint" or "FAC").) Century performs similar services and competes with Waste Connections in the waste industry. (See id. ¶¶ 25, 34.) On December 2, 2024, the Parties signed an Asset Purchase Agreement. (See Dkt. No. 24-1 (the "APA"); FAC ¶¶ 2, 43, 44.) Under the APA, Century agreed to be bound by certain restrictive covenants, including a non-compete clause. (APA § 10.1.)

Waste Connections alleges breach of contract, fraudulent inducement, fraudulent concealment, and fraud. (See FAC ¶¶ 112-64.) This Court previously denied Defendants' Motion to Dismiss the FAC. (See Dkt. No. 32.) The parties have since engaged in discovery, including litigating a dispute regarding the scope of discovery permitted under the complaint. (See Dkt. Nos. 56, 58.) The operative Amended Civil Case Management Plan and Scheduling Order permitted amended

pleadings without leave of court until April 15, 2026. (See Dkt. No. 48 ¶ 3 (the "Case Management Plan").)

Waste Connections now requests leave to amend the complaint and file a proposed Second Amended Complaint after the deadline in the Case Management Plan (see Dkt. No. 48 ¶ 3) by adding allegations regarding two additional breaches of the APA. (See Dkt. No. 59-2 (proposed "Second Amended Complaint" or "SAC" ¶¶ 94-95.)) According to Waste Connections, these new allegations are based on "facts that developed or came to light after the FAC was filed[.]" (Mot. at 2.) Defendants oppose the amendment, arguing they would be prejudiced by additional discovery and purported delay, and that amendment is futile. (See generally Opp.)

## II. DISCUSSION

"[I]t is within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). The Court grants Waste Connections leave to amend the First Amended Complaint.

Waste Connections has demonstrated good cause to amend its complaint after the Case Management Plan's deadline by demonstrating diligence. See Fed. R. Civ. P. 16(b) ("Rule

16"); Volunteer Fire Ass'n of Tappam Inc. v. Cty. of Rockland, No. 09-CV-4622, 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010) (party must show good cause to amend after deadline). Waste Connections' amendment is based on "facts that developed or came to light after the FAC was filed," promptly disclosed those facts to Defendants, and sought leave within weeks. (Mot. at 2.) Waste Connections has therefore shown good cause under Rule 16(b) by demonstrating that it could not have met the Case Management Plan deadline to amend the complaint. See, e.g., Volunteer Fire Ass'n, 2010 WL 4968247, at *3; Friedl v. City of New York, 210 F.3d 79, 88 (2d Cir. 2000) (amendment allowed after discovery revealed additional relevant facts).

Defendants have failed to demonstrate any prejudice resulting from the amendment that "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

First, Defendants would not be prejudiced by additional discovery. Defendants' "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion

to amend a pleading." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (internal citation and quotation marks omitted). The additional claims in the SAC relate to the same contract and surfaced during discovery. Courts have regularly found that such amendments do not prejudice the non-moving party. See, e.g., Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 417 (S.D.N.Y. 2008); McPhillips v. Judelson as trustee of Lillian I. Judelson Revocable Tr., No. 17-CV-7603, 2018 WL 11584865, at *8 (S.D.N.Y. Sept. 6, 2018).

Second, Defendants have not shown bad faith or prejudice caused by the purported delay. See, e.g., Maiaro v. Alarm Specialists, Inc., No. 13-CV-8658, 2014 WL 5285695, at *3 (S.D.N.Y. Oct. 15, 2014) ("Absent bad faith or prejudice, mere delay is not, of itself, sufficient to justify denial of leave to amend." (internal citation and quotation marks omitted)). Waste Connections acted promptly after discovering alleged new breaches, and courts have permitted amendments where parties sought to amend far more slowly than Waste Connections did here. See, e.g., Securities and Exchange Commission v. PCI Telecomms., Inc., 207 F.R.D. 32, 34-35 (S.D.N.Y. 2002) (four-month delay); Green v. Wolf Corp., 50

F.R.D. 220, 223 (S.D.N.Y. 1970) (leave granted where plaintiff knew of facts from outset of case and sought to amend four years later).

Third, amendment would not be futile because amendment is "futile" only where the proposed complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005); Smith v. CPC Int'l, Inc., 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000). This Court has already denied Defendants' motion to dismiss, (see Dkt. No. 32), and finds the SAC alleges colorable allegations of breach of contract that would withstand dismissal.

## III. EXTENSION OF DISCOVERY

Several discovery disputes remain pending in this case, (see Dkt. Nos. 54, 56, 57), and fact discovery is due to be completed by October 31, 2026. (See Dkt. No. 48). The parties agree that the discovery deadlines should be adjourned, although they disagree as to the length of the adjournment. (See Dkt. Nos. 62, 65.) The Court finds that adjournment of the current discovery deadlines is warranted given the ongoing disputes and the new allegations in the SAC. The

parties are directed to agree to an adjournment of the fact discovery deadlines and file an *agreed-upon* extension with the Court.

## IV. <u>ORDER</u>

For the reasons discussed above, it is hereby

**ORDERED** that the Motion of Plaintiff Waste Connections of New York, Inc. ("Waste Connections") for Leave Amend the First Amended Complaint and to File a Second Amended Complaint (Dkt. No. 59) is **GRANTED**; and it is further

**ORDERED** that the parties are directed to file an *agreed-upon* extension of the fact discovery deadlines in this case.

**SO ORDERED.**

Dated: 20 October 2026
New York, New York

___________________________
Victor Marrero
U.S.D.J.