UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASTE CONNECTIONS OF NEW YORK, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>CENTURY WASTE SERVICES, LLC et al.,<br><br>Defendants. | 25-CV-03040 (VM) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is Plaintiff's motion to compel certain discovery, which I originally granted in part and denied in part without a written opinion; Defendants objected to the Honorable Victor Marrero, who recommitted the motion to me pursuant to 28 U.S.C. § 636(b)(1)(C), with instructions to issue a revised order detailing the reasons for my findings. (*See* ECF 57.)

Having carefully reviewed the parties submissions, and for the reasons set forth below, Defendants are ORDERED to produce: (1) in response to Request 26, one copy of each contract under which Defendants have provided solid-waste and recycling collection, hauling, processing, transfer, or disposal in the Restricted Territory on or after December 2, 2024; and (2) in response to Request 27, documents sufficient to show all revenue received since December 2, 2024, from customers for which Defendants performed such services in the Restricted Territory after that date. Additionally, as set forth below, I require additional briefing from Plaintiff into whether the required production under the Discovery Order (ECF 54) in response to Request 29 covers individuals outside the scope of Section 10.4 of the APA.

# I.

# PROCEDURAL HISTORY

## A. The Allegations in the First Amended Complaint

As set forth in the First Amended Complaint ("FAC"), Plaintiff is a waste management company that provides a range of waste-related services in New York City. (*See* ECF 24, FAC ¶¶ 32-33.) Defendants perform similar services and compete with Plaintiff in the waste industry. (*See id.* ¶¶ 25, 34.) On December 2, 2024, the parties signed an Asset Purchase Agreement ("APA") (*see id.* ¶¶ 2, 43, 44), under which Defendants agreed to be bound by certain restrictive covenants, including a non-compete clause covering a limited geographic area (the "Restricted Territory") (*see* ECF 24-1, APA § 10.1) and a clause restricting their ability to solicit Plaintiff's employees (*see id.* § 10.4).

The FAC alleges fraudulent inducement, fraudulent concealment, fraud, and breach of the APA; the FAC claims that Defendants' breach of the APA "include[d], but [was] not limited to" "breaching Section 10.1 of the APA by, in the Restricted Territory, engaging in or owning or operating a business competitive with the Business, and entering the employ of, or rendering any personal services to or for the benefit of, or assisting in or facilitating the solicitation of customers for, or receiving remuneration in the form of salary, commissions or otherwise from, any business engaged in activities competitive with the Business." (ECF 24, FAC ¶ 115). The FAC provides one example of Defendants' alleged breach of Section 10.1: Defendants' bidding for and accepting two New York City Housing Authority contracts (the "NYCHA Contracts"). (*See id.*

¶¶ 54-56, 115.)[1] Judge Marrero denied Defendants' Motion To Dismiss the FAC in its entirety. (*See generally* ECF 32, Nov. 10, 2025 Decision & Order.)

**B. The Challenged Discovery**

On May 29, 2026, Plaintiff served its second set of requests for production. The parties raised disputes about three requests in their August 25, 2026 joint discovery letter (ECF 49):

- **Request No. 26**: All contracts that Century currently has, or has had since December 2, 2024, for solid-waste and recycling collection, hauling, processing, transfer, or disposal in the Restricted Territory.
- **Request No. 27**: Documents reflecting all revenue received since December 2, 2024, from customers for whom Century performed any such services in the Restricted Territory after that date.
- **Request No. 29**: All documents reflecting the hiring or engagement, after December 2, 2024, of any individual who worked for Plaintiff any time before the Closing Date and who is presently employed or otherwise engaged by any Defendant.

1. <u>Plaintiff's Position</u>

Plaintiff argues that Requests 26, 27, and 29 fall within the scope of permissible discovery under Rule 26 because paragraph 115 of the FAC alleges generally that Defendants breached the APA, describing Defendants' alleged breaches as "includ[ing], without limitation"

[1] The FAC also specifically alleges that Defendants breached the Sections 3.7 and 11.1 of the APA by failing to obtain necessary government consent to transfer a Federal Bureau of Prisons contract (the "BOP Contract") to Plaintiff. (*See id.* ¶¶ 98-107.)

the violation of Section 10.1 by entering into the NYCHA Contracts. (ECF 49, Joint Letter at 1-3.)[2] Plaintiff asserts that these Requests seek evidence concerning the scope of an existing breach-of-contract claim rather than discovery into unpleaded claims. Plaintiff further maintains that the full extent of Defendants' work in the Restricted Territory is relevant to determining which business activities are prohibited and which fall within contractual exceptions to the non-compete provision of the APA. (*See id.* at 2-3).

2. <u>Defendants' Position</u>

Defendants contend that Plaintiff's argument places unwarranted weight on the allegation that the contract breaches included but were not limited to the breach of Section 10.1 mentioned in the FAC involving the NYCHA Contracts. (*See id.* at 4.) Defendants say that accepting Plaintiff's premise would allow Plaintiff to "effectively audit Century's contracts, revenue, ongoing business operations, and personnel relationships to determine whether those records might reveal breaches never identified in the FAC." (ECF 56, Defs.' Obj. at 3.) Defendants explain that Requests 26 and 27 "encompass every qualifying contract and all associated revenue, including operations the APA expressly permits." (*Id*.) And Defendants state that Request 29 seeks information about their purported hiring back of former employees, which is never alleged in the FAC, and that the request is not limited to employees covered by Section 10.4. (*See id*.)

---

[2] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

3. The Discovery Order (ECF 54), Defendants' Objections, and Plaintiff's Response

After oral argument, I issued the Discovery Order based on my comments during the argument, without a written opinion. I granted Plaintiff's application in part and denied it in part, directing Defendants to produce "documents sufficient to show" the information sought by Requests 27 (relating to revenue) and 29 (relating to rehired employees) and directing the parties to meet and confer further concerning the scope of Request 26 (relating to Defendants' contracts for work in the Restricted Territory). (ECF 54, Discovery Order.)

Defendants objected to the Discovery Order, arguing that it permitted a fishing expedition into unpleaded claims – specifically, claims for supposed breaches of the non-compete provision (Section 10.1 of the APA) other than the one specified in the FAC, and for supposed breaches of the non-solicitation provision (Section 10.4 of the APA), which Defendants say are never mentioned in the FAC. (*See* ECF 56, Defs.' Obj. at 4-5.) In support, Defendants cited caselaw standing for the generally accepted proposition that Rule 26 does not permit discovery into claims that have not been pleaded. (*See id.*)

Plaintiff countered that the Discovery Order did not permit discovery into unpleaded claims, but instead permits discovery into the breach of contract claim set out in the FAC; Plaintiff points out that the FAC alleges breaches of the APA generally and of Section 10.1 in particular, and identifies the NYCHA Contracts as one specific example of a breach of Section 10.1; but Plaintiff argues that the FAC did not purport to provide an exhaustive list of every instance in which Defendants breached the APA, or even of every example of breaches of Section 10.1. Plaintiff argued further that under Rule 8(a)(2) – which requires only a "a short and plain statement of the claim showing that the pleader is entitled to relief" – the FAC was

not required to provide such an exhaustive list. (*See* ECF 58, Pl.'s Resp. at 3-4.) On September 17, 2026, Judge Marrero recommitted the matter to me with instructions to issue a revised order setting out the reasons for my rulings. (*See* ECF 57.)

**C. The SAC**

On October 20, 2026, Judge Marrero granted Plaintiff leave to amend the FAC and file the proposed Second Amended Complaint (the "SAC"), which adds allegations about two specific additional breaches of the APA based on information that came to light through the discovery process after the FAC was filed. (*See* ECF 66, Oct. 20, 2026 Decision & Order.) Specifically, the SAC adds allegations that after the closing, Defendants (1) pursued and obtained a citywide contract for the collection of containerized waste and compactors across the Restricted Territory, in violation of Section 10.1 of the APA; (2) rehired several former employees it was restricted from hiring under Section 10.4 of the APA; and (3) pursued and obtained other work restricted by the APA, engaged in other solicitations of restricted employees, and engaged other conduct in violation of Section 10 of the APA. (*See* ECF 67, SAC ¶¶ 16-18, 45, 90-91, 94-97, 113, 117-18, 123, 125.)

In allowing the amendment, Judge Marrero explained that permitting the filing of the SAC would not unduly prejudice Defendants, because, among other reasons, the amendments relate to alleged breaches of the same contract at issue in the FAC; Judge Marrero also concluded that the proposed amendments were not futile, because they could withstand a motion to dismiss. (*See* ECF 66, Oct. 20, 2026 Decision & Order. at 4-6.)

## II.

## Legal Standards

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating what information is discoverable and whether the requested discovery is proportional to the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

While relevance is construed broadly, Rule 26 does not permit a fishing expedition into possible additional claims that a party might assert if the requested discovery uncovers unpleaded misconduct. *See, e.g., Park West Radiology v. CareCore National LLC*, 547 F. Supp. 2d 320, 322-23 (S.D.N.Y. 2008) (denying discovery request that "str[uck] the Court as more like a fishing expedition by which Defendants hope to find documentation to support the numerous allegations of fraud and other unlawful or unethical practices"); *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358-59 (S.D.N.Y. 2010) (denying discovery into facts necessary to support additional unpleaded claims).

The party moving to compel discovery "bears the initial burden of demonstrating that the information sought is relevant and proportional." *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18-CV-3025 (PGG) (VF), 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022); *see also Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("Plaintiffs, as the parties seeking discovery from [defendant], bear the initial burden of proving that the information and documents sought are relevant and proportional to the needs of the case."). Once the moving party has made this showing, "the burden shifts to the opposing party to justify curtailing discovery." *Sportvision*, 2022 WL 2817141, at *1.

## II.

## DISCUSSION

### A. Requests 26 and 27 – Documents Reflecting Contracts Involving Defendants' Business Activities in the Restricted Territory and Revenue Therefrom

#### 1. Plaintiff's Arguments in Support of the Requested Discovery

##### a. Relevance

Plaintiff has come forward with plausible explanations of the relevance of the Defendants' contracts reflecting and revenue from business activities in the Restricted Territory following the closing on the APA. The FAC alleges that Defendants breached Section 10.1 of the APA by engaging in prohibited business activities in the Restricted Territory. (*See* ECF 24, FAC ¶ 115.) Plaintiff provides an example of such prohibited business activities – Defendants' entry into and performance under the NYCHA Contracts. (*See id.* ¶¶ 54-56, 115.) However, nothing in the FAC suggests that Defendants' prohibited business activities were limited to work performed in connection with the NYCHA Contracts; indeed, the FAC specifically states that the

alleged breaches "include[d], but [was] not limited to" the breach of Section 10.1 arising out of the NYCHA Contracts and breaches of other provisions of the APA. (*See id.* ¶ 115.)

Based on the scope of Plaintiff's breach of contract claim as pleaded, the requested discovery into Defendants' contracts since December 2, 2024 for solid-waste and recycling collection, hauling, processing, transfer, or disposal in the Restricted Territory and for revenue for such services in the Restricted Territory "bears on" or "reasonably could lead to other matter that could bear on" whether Defendants breached Section 10.1 of the APA; and if so, the discovery would also bear on the extent of Plaintiff's damages, if any. *State Farm Mut. Auto. Ins.*, 2015 WL 7871037, at *2.

Additionally, the parties dispute what business activities fall within and what activities fall outside the scope permitted by Section 10.1 of the APA, and discovery into the terms of Defendants' contracts for services in the Restricted Territory reasonably can be expected to clarify whether particular activities reflect a breach of that provision of the APA or fall within the exceptions.

The relevance of the requested discovery is even clearer as a result of the new allegations in the SAC, which include a description of a second specific claimed breach of Section 10.1 of the APA involving Defendants' pursuit and obtaining of a citywide contract for the collection of containerized waste and compactors across the Restricted Territory and allegations of Defendants' securing other prohibited work and engaging in other conduct in violation of Section 10 of the APA. (*See* ECF 67, SAC ¶¶ 16-18, 90-91, 94-97, 123.)

b. Proportionality

Plaintiff has also shown that the requested discovery into Defendants' contracts for work in the Restricted Territory and associated revenues is proportional to the needs of the case. In particular, the requested discovery, which goes to"[w]hether Defendants are violating the APA's restrictive covenants[,] is of central importance to this litigation" and "goes to the heart of both liability and damages for Plaintiff's claim for breach of contract"; the information sought on the contracts is most accessible from Defendants and the revenue-related information is exclusively within Defendants' possession; and I have limited the discovery to one copy of each responsive contract and documents sufficient to show the associated revenues. (ECF 58, Pl.'s Resp. at 5-6.) *See also* Fed. R. Civ. P. 26(b)(1).

2. <u>Defendants' Arguments that the Requested Discovery Should Be Limited</u>

a. Relevance

Based on Plaintiff's showing, the burden shifted to Defendants to justify limiting the requested discovery. *See Sportvision*, 2022 WL 2817141, at *1. Defendants assert that the Discovery Order would permit Plaintiff to engage in a fishing expedition seeking support for unpleaded claims. (*See* ECF 56, Defs.' Obj. at 4-5.) This position is based on the faulty premise that the breach of contract claim pleaded in the FAC is limited to a breach arising out of Defendants' entry into the NYCHA Contracts. The FAC specifically states a claim for breach of the APA generally; that claim includes but is not limited to a breach of Section 10.1's non-compete provision; Defendants' entry into the NYCHA Contracts is one example of such a breach. (*See* ECF 24, FAC ¶ 115.)

There is no heightened pleading standard for a breach of contract claim. *See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2021 WL 1227052, at *28 (S.D.N.Y. Mar. 31, 2021) ("A party advancing a breach of contract claim need not satisfy the particularity requirement of Rule 9(b). Rather, relatively simple allegations will suffice to plead a breach of contract claim."). Thus, Defendants have no basis to narrow Plaintiff's breach of contract claim to a breach of Section 10.1 of the APA arising out of the NYCHA Contracts (plus a breach based on the additional allegations in the SAC that Defendants secured a citywide contract for the collection of containerized waste and compactors across the Restricted Territory). Therefore, discovery need not be limited to those specific identified breaches. This same logic seems to underlie Judge Marrero's conclusion that there was no undue prejudice to Defendants in allowing Plaintiff to amend the FAC to include the new allegations in the SAC, because the allegations involve breach of the same contract at issue in the FAC. (*See* ECF 66, Oct. 20, 2026 Decision & Order at 4-5.)

The cases on which Defendants rely to support their argument that Plaintiff wants to embark on a fishing expedition into unpleaded claims – *McAuley v. Honey Pot Company*, *246 Sears Road Realty Corporation v. Exxon Mobil Corporation,* and *Bridgewater v. Taylor* (*see* ECF 56, Defs.' Obj. at 4) – are not to the contrary. *McAuley* and *246 Sears Road Realty* involve claims or defenses that are absent from the pleadings. See *McAuley,* No. 23-CV-1986 (AT) (JW), 2023 WL 7280719, at *1-2 (S.D.N.Y. Nov. 3, 2023); *246 Sears Road Realty Corp,* No. 09-CV-0889 (NGG) (JMA), 2011 WL 13254283, at *2-4 (E.D.N.Y. Apr. 1, 2011). And *Bridgewater* concerns a plaintiff who was seeking discovery to plead new claims for his then-forthcoming second amended complaint. *See Bridgewater,* 745 F. Supp. 2d at 358-59.

Moreover, Defendants do not counter Plaintiffs' argument that discovery into Defendants' contracts to perform services in the Restricted Territory reasonably can be expected to clarify whether particular activities reflect a breach of Section 10.1 of the APA or fall within the permitted exceptions (*See* ECF 49, Joint Letter at 3.) The relevance of the contracts to the parties' dispute over what services fall within and outside Section 10.1's non-compete provision is an independent reason to permit discovery into the contracts.

b. Proportionality

Defendants go on to argue that even if their contracts for work in the Restricted Territory and associated revenue have some minimal relevance, discovery into those topics is disproportionate to the needs of the case, because any relevance will be outweighed by the costs of litigating the resulting collateral disputes. (*See* ECF 56, Defs.' Obj. at 7-9.) In support of the proposition that minimally relevant discovery may be disproportionate when it leads to collateral disputes, Defendants cite *Fung-Schwartz v. Cerner Corp.*, where the Court declined to order discovery of "marginal utility" because the potential burden of producing "reams" of complicated financial information was high and because the requested expansive discovery into other customers would lead to collateral litigation over whether those other customers were sufficiently comparable to the plaintiff. *Fung-Schwartz*, No. 17-CV-0233 (VSB) (BCM), 2020 WL 4927485, at *8, *10 (S.D.N.Y. Aug. 21, 2020). Defendants also cite *Park West Radiology,* which held that a "blanket demand for discovery into third-party business relationships was excessively broad" and risked turning the case into a "multi-ringed sideshow of mini-trials on collateral issues" with little relevance to the disputed claims. *Park West Radiology*, 547 F. Supp. 2d at 322-23. Defendants argue that the discovery sought by Plaintiff here is similarly

disproportionate to the needs of the case, because production "would require contract-by-contract, customer-by customer," examination of conduct not pleaded, including by "segregate[ing] revenue across permitted and allegedly restricted operations." (ECF 56, Defs.' Obj. at 8.) Defendants assert that the review process "would multiply collateral disputes over which activities fall within contractual carveouts, without advancing adjudication of the pleaded claims concerning the NYCHA Contracts." (*Id.*)

Defendants' reliance on *Fung-Schwartz* and *Park West Radiology* assumes, I believe incorrectly, that information about the contracts and associated revenues is of marginal relevance to Plaintiff's breach of contract claim. The discovery in question goes to the core of Plaintiff's breach of contract claim, properly understood to include behavior beyond entry into the NYCHA Contracts and the citywide contract for collection of containerized waste and compactors across the Restricted Territory. Similarly, disputes over which activities fall within contractual carveouts are not collateral to the case; such disputes are highly relevant to the breach of contract claim that Plaintiff has pleaded.

In an effort to reduce further discovery disputes, I limited the required production to "documents sufficient to show" the revenue from Defendants' work in the Restricted Territory. (ECF 54, Discovery Order.) For a similar reason, rather than requiring the parties to meet and confer further on the appropriate scope of production of documents relating to Defendants' contracts for work in the Restricted Territory, Defendants are ORDERED to produce one copy of each contract under which Defendants have provided solid-waste and recycling collection, hauling, processing, transfer, or disposal in the Restricted Territory on or after December 2, 2024.

Defendants go on to argue that the "practical consequences" of the Discovery Order "extend beyond the particular requests addressed in it," because "Plaintiff has served third and fourth sets of requests for production seeking broad categories of documents concerning the business activities of Defendants, and has invoked the Discovery Order in support of those requests." (ECF 56, Defs.' Obj. at 8-9.) To the extent that future disputes between the parties cannot be resolved through the meet-and-confer process, the parties can bring those disputes to the Court for resolution.

**B. Request 29 – Documents Reflecting Defendants' Rehiring of Former Employees**

Plaintiffs argue that the FAC sets out a claim for breach of the APA generally, which encompasses a breach of Section 10.4 for soliciting or hiring restricted employees. (*See* ECF 49, Joint Letter at 2-3.) Defendants counter that the FAC does not mention any violation of Section 10.4. (*See id.* at 5.) While I read the breach of contract claim set forth in the FAC as sufficiently broad to cover a claim for breach of the non-solicitation provision of Section 10.4 (*see* ECF 24, FAC ¶¶ 112-17), the new allegations in the SAC of solicitations by Defendants of restricted employees and other conduct in violation of Section 10 of the APA make clear the relevance of discovery into employees who came to work for Defendants in violation of Section 10.4. (*See* ECF 67, SAC ¶¶ 120-25.)

Defendants also argue that the Discovery Order requires production of documents sufficient to identify any person who worked for Defendants any time before the closing and who is now employed by any Defendant; Defendants contend that this discovery is broader than the non-solicitation covenant, which covers employees or vendors of the Acquired Businesses and people who had been employees of the Acquired Businesses during the six

months before the closing. (*See* ECF 24-1, APA § 10.4.) Defendants note that Request 29 is not limited to the Acquired Businesses, to the six-month contractual period, or to people employed by Plaintiff post-closing. Defendants conclude that the Discovery Order requires production of materials that are not relevant to this case, because it reaches personnel relationships that could not violate Section 10.4. (*See* ECF 56, Defs.' Obj. at 6.) Plaintiff has not responded to this point. (*See generally* ECF 58, Pl.'s Resp.)

Accordingly, by November 9, 2026, Plaintiff shall submit a letter, not to exceed two single-spaced pages in length, responding to Defendants' argument that the requirement of the Discovery Order in response to Request 29 of production of documents sufficient to show the hiring, after December 2, 2024, of any individual who worked for Defendants before April 5, 2026, and who is presently employed by any Defendant mandates production of documents sufficient to identify individuals who are not covered by Section 10.4 of the APA.

## Conclusion

For the foregoing reasons, Defendants are ORDERED to produce: (1) in response to Request 26, one copy of each contract under which Defendants have provided solid-waste and recycling collection, hauling, processing, transfer, or disposal in the Restricted Territory on or after December 2, 2024; and (2) in response to Request 27, documents sufficient to show all revenue received since December 2, 2024, from customers for which Defendants performed such services in the Restricted Territory after that date.

Additionally, by **November 9, 2026**, Plaintiff is ORDERED to submit a letter, not to exceed two single-spaced pages in length, responding the Defendants' argument that the Discovery Order's requirement, in response to Request 29, of production of documents

sufficient to show the hiring, after December 2, 2024, of any individual who worked for Defendants before April 5, 2026, and who is presently employed by any Defendant mandates production of documents sufficient to identify individuals who are not covered by Section 10.4 of the APA.

Dated: November 5, 2026
New York, New York

**SO ORDERED.**

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**